1

2

3                                                              O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   FEDERAL NATIONAL          )   Case No. EDCV 14-01679-VAP
     MORTGAGE ASSOCIATION,     )   (SPx)
12                             )
                  Plaintiff,   )   **ORDER GRANTING PLAINTIFF'S**
13                             )   **MOTION FOR ENTRY OF DEFAULT**
          v.                   )   **JUDGMENT SETTING ASIDE**
14                             )   **FRAUDULENT CONVEYANCES AND**
     DIVINA ALBASETE GEORGE    )   **ISSUANCE OF PERMANENT**
15   AKA DIVINA A. GEORGE,     )   **INJUNCTION (Doc. No. 13)**
                               )
16                Defendant.   )   **[Motion filed on March, 4**
     _____ )   **2015]**
17

18

19        On March 4, 2015, Plaintiff Federal National Mortgage

20   Association ("Fannie Mae") filed a Motion for Default

21   Judgment Setting Aside Fraudulent Conveyances and

22   Issuance of Permanent Injunction ("Motion" or "Mot.")

23   against Defendant Divina Albasete George ("George").

24   (Doc. No. 13.)  For the reasons set forth below, the

25   Court (1) GRANTS Fannie Mae's request for cancellation of

26   the recorded documents, to wit, the Grant Deed,

27   Revocation of Power of Attorney, and Revocation of Deed;

     (2) QUIETS TITLE to the property located at 1918 S.
28
     Bonita Ave., Ontario, CA 91762 ("Bonita Property"); and

(3) ENJOINS George from recording any further documents against the title of the Bonita Property and from any further unauthorized use of Fannie Mae's name.

## I. BACKGROUND

**A.   Factual Background**[1]

In November 2003, the Bonita Property was owned by Mario R. George and Divina A. George.  (Exh. A to RJN.) In 2005, Mario and Divina George refinanced the Bonita Property with a loan from GMAC Mortgage Corporation ("GMAC"), which was secured by a deed of trust ("GMAC DOT") recorded on February 22, 2005.  (Exh. B to RJN.) Executive Trustee Services ("ETS") was named trustee of the GMAC DOT.  (<u>Id.</u>)

In July 2010, Mario and Divina George defaulted on their loan from GMAC and were served with a Notice of Default and Election to Sell.  (Complaint (Doc. No. 1) ¶

_____

[1] Along with this Motion, Fannie Mae filed a Request for Judicial Notice ("RJN").  (Doc. No. 14.)  The Court takes judicial notice of Exh. 1-11 to the RJN as Fannie Mae has provided a reference number for each document, showing that they were in fact recorded in the Official Records of San Bernardino County; this demonstrates that the documents are public records.  Exh. 12 to the RJN is an order of this Court, which is always subject to judicial notice.

9; Compl. Exh. A.)  On August 8, 2011, the Bonita
Property was sold at a foreclosure sale to GMAC.  (Id.)
On August 10, 2011, GMAC took title to the Bonita
Property, by way of a Trustee's Deed Upon Sale, which
GMAC promptly recorded.  (Id.)

On August 25, 2011, GMAC conveyed the Bonita Property
to Fannie Mae by way of a Corporation Grant Deed.
(Compl. ¶ 10; Compl. Exh. B.)  On October 13, 2011,
Fannie Mae recorded the Corporation Grant Deed.  (Id.)

On June 15, 2010, before the foreclosure sale,
George recorded a document titled "Revocation of Power of
Attorney" that purported to remove ETS as trustee of the
GMAC DOT.  (Compl. ¶ 11; Compl. Exh. C.)  At the same
time, George recorded a document titled "Revocation of
Deed" purporting to revoke the GMAC DOT.  (Compl. ¶ 12;
Compl. Exh. D.)  George did not have authority to record
either document.  (Compl. ¶¶ 14-15.)

On August 30, 2011, after Fannie Mae acquired title
to the Bonita Property, George and David Alan Boucher
("Boucher") recorded a deed ("Grant Deed") purportedly
transferring the Bonita Property from GMAC to George.
(Compl. ¶ 14; Compl. Exh. E.)  The Grant Deed was signed
by Boucher as an "authorized representative" of GMAC;

1   however, Boucher was not an employee, officer, or

2   authorized signatory of GMAC and had no authority to

3   execute or record the Grant Deed.  (Compl. ¶ 15.)

4

5   **B.   Procedural Background**

6        On May 1, 2013, in <u>Federal National Mortgage</u>

7   <u>Association v. Divina Abselete George et.al.</u>, No.

8   EDCV12-0477-VAP, this Court entered an order granting

9   Fannie Mae's Motion for Entry of Default Judgment Setting

10  Aside Fraudulent Conveyances and Issuance of Permanent

11  Injunction ("Order") (Doc. No. 95.)  The Order quieted

12  title to six Fannie Mae properties (including the Bonita

13  Property), canceled instruments recorded by Boucher for

14  fraudulently executing grant deeds, awarded damages with

15  respect to costs for clearing title, and enjoined Boucher

16  from recording any further documents against the title of

17  the six properties and from any further unauthorized use

18  of Fannie Mae's name.  (Order at 2.)

19

20       George was a defendant in this prior action, but  was

21  dismissed, without prejudice, because Fannie Mae did not

22  serve her within the time frame provided by the Federal

23  Rules of Civil Procedure.  (Order at 4.)

24

25

26

27

28

4

On August 14, 2014, Fannie Mae filed the instant Complaint against George.  The Complaint alleged four claims: (1) cancellation of instruments; (2) quiet title; (3) damages for slander of title; and (4) injunctive relief.  (Compl. ¶¶ 7-34.)

On February 12, 2015, Fannie Mae requested the Clerk of Court enter default against George for failing to respond to the Complaint.  (Doc. No. 11.)  On February 19, 2015, the Clerk entered default; Fannie Mae submitted this Motion on March 4, 2015.  (Doc. No. 12.)

**C.   Request for Judicial Notice**

Fannie Mae filed a Request for Judicial Notice along with its Motion, requesting judicial notice of the following twelve documents:

(1) A Grant Deed recorded on November 5, 2003 as Instrument No. 2003-0834487 in the Official Records of San Bernardino County;

(2) A Deed of Trust recorded on February 22, 2005 in the Official Records of San Bernardino County, as document number 2005-012287;

(3) An Assignment of Deed of Trust recorded on July 19, 2010 in the Official Records of San Bernardino County as document number 2010-0287335;

1  (4) A Substitution of Trustee recorded on July 19,
2 2010 in the Official Records of San Bernardino County, as
3 document number 2010-0287336;

4  (5) A Notice of Default and Election to Sell Under
5 Deed of Trust recorded on July 19, 2010 in the Official
6 Records of San Bernardino County, as document number
7 2010-0287337;

8  (6) A Revocation of Power of Attorney recorded on
9 June 15, 2010 in the Official Records of San Bernardino
10 County, as document number 2010-0236728;

11  (7) A Revocation of Deed recorded on June 15, 2010 in
12 the Official Records of San Bernardino County, as
13 document number 2010-0236729;

14  (8) A Notice of Trustee's Sale recorded on October
15 28, 2010 in the Official Records of San Bernardino
16 County, as document number 2010-0448216;

17  (9) A Trustee's Deed Upon Sale recorded on August 10,
18 2011 in the Official Records of San Bernardino County, as
19 document number 2011-0336912;

20  (10) A Grant Deed recorded on August 30, 2011, as
21 Instrument No. 2011-0365288, in the Official Records of
22 San Bernardino County;

23  (11) A Corporation Grant Deed recorded on October 13,
24 2011, as Instrument No. 2011-0428440, in the Official
25 Records of San Bernardino County; and

26

27

28

1      (12) A Judgment Canceling Instruments and Quieting

2  Title entered on May 1, 2013 in the United States

3  District Court Central District of California

4  Court Case Number EDCV 12-00477 VAP, which was then

5  recorded as Instrument No. 2013-0279727 in the Official

6  Records of San Bernardino County.

7

8      A court may take judicial notice of court filings and

9  other matters of public record.  See Reyn's Pasta Bella,

10  LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.

11  2006) (citing Burbank-Glendale-Pasadena Airport Auth. v.

12  City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)).

13  Fannie Mae has provided a reference number for Exhibits

14  1-11, showing that they were in fact recorded; this

15  demonstrates that the documents are public records.  See

16  Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257,

17  1264 (C.D. Cal. 2010); Velazquez v. GMAC Mortg. Corp.,

18  605 F. Supp. 2d 1049, 1057-58 (C.D. Cal. 2008).  Exhibit

19  12 is a court filing, which is subject to judicial

20  notice.  Accordingly, the Court grants judicial notice of

21  these documents.

22

23              **II. LEGAL STANDARD**

24  **A.  Requirements of Local Rule 55-1**

25      Local Rule 55-1 provides that an application for

26  default judgment must be accompanied by a declaration in

27  compliance with Federal Rule of Civil Procedure 55(b)

28

1   setting forth: (1) when and against what party the
2   default was entered; (2) the identification of the
3   pleading to which default was entered; (3) whether the
4   defaulting party is an infant or incompetent person, and
5   if so, whether that person is represented by a general
6   guardian, committee, conservator, or other
7   representative; (4) that the Servicemembers Civil Relief
8   Act does not apply; and (5) that notice has been served
9   on the defaulting party if required by Federal Rule of
10  Civil Procedure 55(b)(2).

11

12      Fannie Mae has satisfied the requirements of Local
13  Rule 55-1.  (See Declaration of Brian P. Stewart
14  ("Stewart Decl.") at ¶¶ 2-8 (Doc. No. 13-1).)

15

16  **B.   Default Judgment**
17      Federal Rule of Civil Procedure 55 authorizes the
18  Court to enter a default judgment against a party that
19  "fail[s] to plead or otherwise defend" a claim.  Fed. R.
20  Civ. P. 55 (a)-(b)(2).  "Even if entry of default has
21  been made by the court clerk, granting a default judgment
22  is not automatic; rather it is left to the sound
23  discretion of the court."  PepsiCo v. Triunfo-Mex, Inc.,
24  189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing Aldabe v.
25  Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)); Laborers
26  Health and Welfare Trust Fund for N. Cal. v. Demas
27  Constr., Inc., 1997 WL 227976, at *1 (N.D. Cal. Mar. 14,
28

1997) (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th
Cir. 1986)); <u>see</u> <u>Ioane v. Alter</u>, 1997 WL 767526, at *3
(N.D. Cal. Nov. 21, 1997) (citing <u>Alan Neuman Prods.,</u>
<u>Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988)).

    In exercising its discretion to grant or deny an
application for default judgment, the Court considers the
following factors: (1) the possibility of prejudice to
the plaintiff, (2) the merits of plaintiff's substantive
claim, (3) the sufficiency of the complaint, (4) the sum
of money at stake in the action; (5) the possibility of a
dispute concerning material facts; (6) whether the
default was due to excusable neglect; and (7) the strong
policy underlying the Federal Rules of Civil Procedure
favoring decisions on the merits (collectively, "<u>Eitel</u>
factors").  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th
Cir. 1986).  The merits of the plaintiff's substantive
claim and the sufficiency of the complaint are often
treated by courts as the most important <u>Eitel</u> factors.
<u>Mnatsakanyan v. Goldsmith & Hull APC</u>, 2013 WL 10155707,
at *10 (C.D. Cal. May 14, 2013).

### III. DISCUSSION

**A.    Default Judgment**

    The general rule is that, upon default, the factual
allegations of the complaint, except those relating to
the amount of damages, will be taken as true.  <u>Televideo</u>

1  Sys. Inc. v. Heidenthal, 826 F.2d 915, 917-18 (1987); see

2  also DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th

3  Cir. 2007); Fed. R. Civ. P. 8(b)(6).  Pursuant to Rule

4  8(b)(6), the Court accepts as true the allegations in the

5  unanswered Complaint.

6

7      In applying the Eitel factors, the Court finds Fannie

8  Mae entitled to entry of default judgment.

9

10     **1.   Possibility of Prejudice to the Plaintiff**

11     This "Eitel factor considers whether the plaintiff

12  will suffer prejudice if default judgment is not

13  entered." PepsiCo, Inc. v. California Sec. Cans, 238 F.

14  Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, Fannie Mae

15  would be prejudiced if default judgment is not entered

16  because it could not litigate on the merits since George

17  did not respond.  Without default, Fannie Mae would

18  likely be without other recourse for recovery and the

19  Grant Deed, Revocation of Power of Attorney, and

20  Revocation of Deed would remain in the chain of title to

21  the Bonita Property.  George could continue to transfer

22  improperly and further encumber the Bonita Property.

23  Thus, this factor favors entry of default judgment.

24

25

26

27

28

**2.   The Merits of Substantive Claims and Sufficiency
of the Complaint**

In evaluating a motion for default judgment, a court
deems the complaint's factual allegations, other than
those relating to the amount of damages, to be true.
Moroccanoil, Inc. v. Allstate Beauty
Prods., Inc., 847 F.Supp.2d 1197, 1200 (C.D. Cal. 2012)
(citing see Derek Andrew, Inc. v. Poof Apparel Corp., 528
F.3d 696, 702 (9th Cir. 2008)).  The district court is
not required to make detailed findings of fact.  Fair
Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.
2002).

**a.   Cancellation of the Recorded Documents**

California Civil Code § 3412 authorizes the
cancellation of written instruments if "there is a
reasonable apprehension that if left outstanding . . .
serious injury [may occur] to a person against whom it is
void or voidable."  The plaintiff must show "facts
constituting the invalidity of the instrument if the
instrument is for any other reason void or voidable, then
the facts showing it to be such, whatever be their
nature, should be shown, and in such case, if the facts
be well pleaded, a case is stated."  Hironymous v. Hiatt,
52 Cal. App. 727, 731 (1921).

**(i) Grant Deed**

In California, a "grant [deed] takes effect, so as to vest the interest intended to be transferred, only upon its delivery by the grantor."  Cal. Civ. Code § 1054; see Bank of Healdsburg v. Bailhache, 65 Cal. 327, 328-32 (1884).  In other words, a deed is void if it is not legally delivered to the grantee.  (Id.)  Moreover, "delivery" refers to the grantor's intent to transfer title of the property described in the grant.  Luna v. Brownell, 185 Cal. App. 4th 668, 673 (2010) (citing Osborn v. Osborn, 42 Cal. 2d 358, 363 (1954)).

Here, Boucher and George recorded the Grant Deed attempting to transfer the Bonita Property from GMAC to George without Fannie Mae's knowledge or authorization. (Compl. ¶ 15.)  Therefore, Fannie Mae did not intend to transfer the Bonita Property to George.  As a result, the Grant Deed could not be legally delivered and is void.

"[A]n instrument wholly void, such as an undelivered deed . . . cannot be made the foundation of a good title, even under the equitable doctrine of *bona fide* purchase." Trout v. Taylor, 220 Cal. 652, 656 (1934).  As discussed above, the Grant Deed recorded by Boucher and George is void. Thus, there is substantive merit to Fannie Mae's claim for cancellation of the Grant Deed purporting to transfer title from GMAC back to George.

### (ii) Revocation of Power of Attorney

George's attempt to remove the Bonita Property trustee by recording the Revocation of Power of Attorney is void.  Paragraph 24 of the GMAC DOT articulates the only mechanism by which a trustee can be changed, and it does not include a unilateral removal by the borrower.[2] (Mot. at 7.)  George, as the borrower, cannot remove the trustee to the Bonita Property.  Thus, there is substantive merit to Fannie Mae's claim for cancellation of the Revocation of Power of Attorney.

_____

[2] Paragraph 24 of the GMAC DOT states as follows: "**Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security instrument is recorded and the name and address of the successor trustee.  Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law.  This procedure for substitution shall govern to the exclusion of all other provisions for substitution."

### (iii) Revocation of Deed

George attempted to revoke the GMAC DOT from the Bonita Property chain of title by recording the Revocation of Deed. Similar to changing a trustee, however, Paragraph 23 of the GMAC DOT articulates the only mechanism by which the deed of trust can be reconveyed.[3] (Mot. at 8.) According to this provision the GMAC DOT can only be reconveyed by the lender. George, as the borrower, cannot reconvey the GMAC DOT. Thus, there is substantive merit to Fannie Mae's claim for cancellation of the Revocation of Deed.

_____

[3] Paragraph 23 of the GMAC DOT states as follows: "**Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable."

14

### b. Quiet Title

An action for quiet title is brought "to establish title against adverse claims to real or personal property or any interest therein."  Cal. Civ. Proc. Code § 760.020(a).  Courts must follow specific procedural requirements to adjudicate a quiet title cause of action.  (Id.)  To state a claim, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  (Id. § 761.020.)

California prohibits the entry of default judgment in a quiet title action unless the Court conducts a thorough review of the evidence.  See Harbour Vista, LLC v. HSBC Mortg. Servs. Inc., 201 Cal. App. 4th 1496 (2011).  California courts conclude that "a quiet title judgment requires a hearing in open court.  Although section 764.010 does not mandate oral argument — and we do not hold oral argument is necessary, though it may be helpful — the statute requires examining plaintiff's title and hearing defendant's evidence 'in all cases.'"  Harbour Vista, LLC, 201 Cal. App. 4th at 1507 (2011).

1    Further, it is well established that "[u]nder the
2  Erie doctrine [Erie R. Co. v. Tompkins, 304 U.S. 64
3  (1938)], federal courts sitting in diversity apply state
4  substantive law and federal procedural law." In re
5  Larry's Apartment, L.L.C., 249 F.3d 832, 837 (9th Cir.
6  2001) (citing Gasperini v. Ctr. for Humanities, Inc., 518
7  U.S. 415, 427 (1996)).  The Erie doctrine does not extend
8  to matters of jurisdiction, or generally, to matters of
9  procedure.[4]  Begay v. Kerr-McGee Corp., 682 F.2d 1311,
10 1316 (9th Cir. 1982). Harbour Vista's open court
11 evidentiary hearing requirement, in quiet title claims,
12 is procedural.  Hence, the Court finds Fannie Mae's
13 Complaint sufficient to make a claim for quiet title
14 under section 761.020, without an evidentiary hearing,
15 based on the judicially-noticed evidence supporting the
16 claim.

17

18    The first element of a quiet title claim is satisfied
19 because the Complaint provides the legal description and
20 address of the Bonita Property.  (Compl. ¶ 8.)

21 _____

22    [4] Most evidentiary rules are procedural in nature,
23 and the Federal Rules of Evidence ordinarily govern in
24 diversity cases.  Wray v. Gregory, 61 F.3d 1414, 1417
25 (9th Cir. 1995).  Only state evidence rules that are
26 "intimately bound up with the state's substantive
27 decision making" must be given full effect by federal
28 courts sitting in diversity.  Id.

The Complaint identifies Fannie Mae's title and the basis of the title. "A properly conducted non-judicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." Moeller v. Lien, 25 Cal. App. 4th 822, 831 (1994). Fannie Mae obtained title to the Bonita Property through a non-judicial foreclosure sale conducted on August 8, 2011, and a Trustee's Deed Upon Sale recorded August 10, 2011. (Compl. ¶ 9.) Thus, Plaintiff has satisfied the second element.

The third element is satisfied because George's Grant Deed claim (Compl. ¶ 14; Exh. E) is adverse to Fannie Mae's Trustee's Deed Upon Sale claim to the Bonita Property title. (Compl. ¶ 10; Exh. B.)

The fourth element (date of determination) and fifth element (prayer for determination) are satisfied by Fannie Mae's request that the Court quiet title in its favor as of the date Fannie Mae recorded its Trustee's Deed Upon Sale. (Compl. ¶ 22.)

The Court finds that Fannie Mae has a valid claim to the Bonita Property title free and clear of George's recorded interests because "recording laws mandate that the first recorded deed of trust on real property is superior to subsequently recorded deeds." In re Sunset Bay Assocs., 944 F.2d 1503, 1508 (9th Cir. 1991) (citing Cal. Civ. Proc. Code § 1214). Fannie Mae properly recorded the Trustee's Deed of Upon Sale on August 10, 2011, before Boucher and George recorded the void Grant Deed on August 30, 2011. George had proper record notice of Fannie Mae's title, and therefore is without right to any title to the Bonita Property. See In re Marriage of Cloney, 91 Cal. App. 4th 429, 442 (2001) ("[I]t is an equally well-established principle of law that any purchaser of real property acquires the property subject to prior interests of which he or she has actual or constructive notice.").

Since Fannie Mae has good and legal title to the Bonita Property, there is substantive merit to Fannie Mae's claim for quiet title to the Bonita Property.

### 3.   The Sum of Money at Stake

This factor "takes into account the amount of money at stake and the seriousness of the defendant's conduct, which involves an assessment of whether the recovery sought is proportional to the harm which the defendant's

1 conduct has caused." <u>Trs. of Teamsters Local 631 Sec.</u>
2 <u>Fund for S. Nevada v. Knox Installation-Dismantling &</u>
3 <u>Servs., Inc.</u>, 2013 WL 4857897, at *2 (D. Nev. Sept. 9,
4 2013).

5

6      Here, Fannie Mae is not seeking damages; rather, it
7 is seeking to clear title to the Bonita Property, cancel
8 the instruments filed by Boucher and George, and enjoin
9 George from further unauthorized use of Fannie Mae's
10 name.  Since Fannie Mae is not seeking damages, and
11 because the relief requested is proportional to the harm
12 George caused, this factor favors entry of default
13 judgment in support of the Motion.

14

15      **4.   Possibility of a Dispute Concerning Material**
16           **Facts and Whether the Default Was Due to**
17           **Excusable Neglect**
18      Fannie Mae filed a Complaint that alleged the
19 requisite elements for each claim and George did not file
20 a response.  Fannie Mae also provided supporting
21 declarations and recorded documents that confirm Boucher
22 and George acted without authorization and that Fannie
23 Mae is the owner of the Bonita Property.  Therefore, no
24 genuine dispute of material facts exist.  <u>Elektra Entm't</u>
25 <u>Grp. Inc. v. Crawford</u>, 226 F.R.D. 388, 393 (C.D. Cal.
26 2005) ("Because all allegations in a well-pleaded

27

28

1  complaint are taken as true after the court clerk enters
2  default judgment, there is no likelihood that any genuine
3  issue of material fact exists.").

4

5      Fannie Mae made sufficient efforts to notify George
6  of the Complaint and intent to seek default judgment by
7  serving George properly.  (Doc. No. 7.)  Nonetheless,
8  George has not responded nor attempted to defend this
9  action.  It is unlikely that default would be the result
10  of excusable neglect.

11

12      Accordingly, these factors favor entry of default
13  judgment.

14

15      **5.  The Strong Public Policy Favoring Decisions on**
16          **the Merits**

17      Though "[c]ases should be decided upon their merits
18  whenever reasonably possible," a defendant's failure to
19  answer the plaintiff's complaint "makes a decision on the
20  merits impractical, if not impossible."  <u>Elektra</u>, 226
21  F.R.D. at 393.  The Federal Rules of Civil Procedure
22  allow for termination of a case before a hearing on the
23  merits where the defendant fails to defend an action.
24  Here, George has failed to defend this action.  Thus,
25  this factor favors entry of default judgment.

26

27

28

1    Accordingly, as all the Eitel factors favor entry of
2  default judgment, the Court enters default judgment.
3
4  **B.   Permanent Injunction**
5       **1.   Legal Standard**
6       "A plaintiff seeking a preliminary injunction must
7  establish that he is likely to succeed on the merits,
8  that he is likely to suffer irreparable harm in the
9  absence of preliminary relief, that the balance of
10 equities tips in his favor, and that an injunction is in
11 the public interest."  Winter v. Natural Res. Def.
12 Council, Inc., 555 U.S. 7, 20 (2008)("Winter test"); see
13 Amoco Prod. Co. v. Vill. of Gambell, AK, 480 U.S. 531,
14 545 (1987) ("The standard for a preliminary injunction is
15 essentially the same as for a permanent injunction with
16 the exception that the plaintiff must show a likelihood
17 of success on the merits rather than actual success.").
18
19      Irreparable harm will be presumed where defendants
20 engaged in acts prohibited by a statute that provides for
21 injunctive relief.  See Silver Sage Partners, Ltd. v.
22 City of Desert Hot Springs, 251 F.3d 814, 827 (9th Cir.
23 2001).
24
25      12 U.S.C. § 1723a(e) (2012) prohibits any individual
26 from the use of the words "'Federal National Mortgage
27 Association,' 'Governmental National Mortgage
28

1  Association,' or any other combination of such words."

2  Violations of § 1723a(e) "may be enjoined by any court of

3  general jurisdiction."  (Id.)

4

5     **2.   Discussion**

6     The first element of the Winter test is met because

7  Fannie Mae succeeds on the merits of its claims to cancel

8  Boucher and George's recorded documents, and gain quiet

9  title to the Bonita Property.

10

11     The second element is met because George may attempt

12  to convey or otherwise encumber the Bonita Property in

13  the future, and because George used the name Federal

14  National Mortgage Association and Government National

15  Mortgage Association in violation of 12 U.S.C. §

16  1723a(e).  (Compl. ¶ 15.)  Therefore, under Silver, there

17  is a presumption of irreparable harm to Fannie Mae.

18

19     The third element is met because a monetary judgment

20  will not prevent George from further clouding title to

21  the Bonita Property, making an injunction necessary to

22  grant relief.  Furthermore, George's Grant Deed is void

23  and without legal title to Bonita Property.  Thus, the

24  balance of equities clearly favor Fannie Mae.

25

26

27

28

1    The fourth element is met because it is in the public
2 interest that real property in the community is free and
3 clear of void and improper encumbrances.

4

5    As all the elements of the <u>Winter</u> test are met, the
6 Court GRANTS the request for a permanent injunction.

7

8                        **IV. CONCLUSION**

9    For the reasons set forth above, the Court (1) GRANTS
10 Fannie Mae's request for cancellation of the recorded
11 documents; (2) QUIETS TITLE to the Bonita Property; and,
12 (3) ENJOINS George from recording any further documents
13 against the title of the Bonita Property and from any
14 further unauthorized use of Fannie Mae's name.  Thus, the
15 Motion for Default Judgment is GRANTED, and Judgment is
16 entered in favor of Plaintiff Fannie Mae and against
17 Defendant Divina Albasete George as follows:

18    (1) The Court declares that Fannie Mae is the true
19 and lawful owner of the real property commonly known as
20 1918 S. Bonita Ave., Ontario, CA 91762 (the "Bonita
21 Property") and legally described as:

22    Lot 50, Tract 11306, as per plat Recorded in Book
23    153, Page(S) 55 to 61 Inclusive of Maps, in the
24    Office of the County Recorder of said County.
25    Assessor's Parcel No. 1050-352-19;

26    (2) The Court declares that the Revocation of Power
27 of Attorney recorded on June 15, 2010 as Instrument No.

28

2010-0236728 in the Official Records of San Bernardino
County, California is VOID, *ab initio*, and does not alter
title as established by the Trustees Deed Upon Sale
recorded as Instrument No. 2011-0336912 in the Official
Records of San Bernardino County;

    (3) The Court declares that the Revocation of Deed
recorded on June 15, 2010 as Instrument No. 2010-0236729
in the Official Records of San Bernardino County,
California is VOID, *ab initio*, and does not alter title
as established by the Trustees Deed Upon Sale recorded as
Instrument No. 2011-0336912 in the Official Records of
San Bernardino County;

    (4) The Court declares that the Grant Deed recorded
on August 30, 2011 as Instrument No. 2011-0365288 in the
Official Records of San Bernardino County, California is
VOID, *ab initio*, and does not alter title as established
by the Trustees Deed Upon Sale recorded as Instrument No.
2011-0336912 in the Official Records of San Bernardino
County;

    (5) The Court declares that Fannie Mae shall have
judgment in its favor for its claim of quiet title to the
subject property located at 1918 S. Bonita Ave., Ontario,
CA 91762, as against Divina Albasete George;

1    (6) The Court declares that Divina Albasete George is

2 enjoined from recording any further documents against the

3 title to the Bonita Property and from any further

4 unauthorized use of Fannie Mae's name.

5

6

7

8 Dated: July 7, 2015          _____

9                                VIRGINIA A. PHILLIPS
                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28